■ In the Matter of JOHN R. KING, as District Attorney of Dutchess County, Respondent, v M. PHILIP AMODEO, as Commissioner of Finance of Dutchess County, et al., Appellants. — In a proceeding pursuant to CPLR article 78 to compel the Finance Commissioner and other officials of Dutchess County to audit and pay to petitioner an annual salary in accordance with the appropriate provisions of the Judiciary Law, retroactive to October 1, 1978, the appeal is from a judgment of the Supreme Court, Dutchess County (Gurahian, J.), entered April 24, 1981, which directed that petitioner be paid an annual salary equivalent to that of a Judge of the County Court, retroactive to October 1,

1978. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. Petitioner's request for accrued salary and an increase in salary is based on sections 183-a and 221-d of the Judiciary Law. Section 183-a provides, in pertinent part, that the District Attorney of each county having a population of more than 100,000 and less than 500,000 (which includes Dutchess County) "shall receive an annual salary equivalent to that of a county judge in [that] county". Section 221-d of the Judiciary Law sets forth the annual salaries of the Judges of each County Court, effective October 1, 1978 through October 1, 1980. However, section 221-d was enacted on April 6, 1979 (L 1979, ch 55, § 2), which was after the commencement of petitioner's term of office on January 1, 1979. Under these circumstances, we hold that payment to petitioner of his claim for accrued salary and for an increase in salary, requested during his term of office, is prohibited by section 7 of article XIII of the New York State Constitution. Weinstein, J. P., Thompson, Bracken and Brown, JJ., concur.